UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE LUIS MARTINEZ HERNANDEZ,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondent.

Case No. 2:26-cv-02034-TLF

ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS
IN PART

Petitioner Jorge Luis Martinez Hernandez filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. Petitioner is currently detained by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.

The petition asks the Court to (1) declare that petitioner's detention without an individualized determination violates the Due Process Clause of the Fifth Amendment; (2) issue a writ of habeas corpus ordering the respondents to release petitioner; and (3) award attorney fees and costs.

The Court **GRANTS** the petition **IN PART**, as follows.

## FACTUAL BACKGROUND

Petitioner is a native and citizen of Mexico. Dkt. 8 (Declaration of Deportation Officer Gabriel Arambula III ("Arambula Decl.")), ¶ 3; Dkt. 9 (Declaration of Katherine G. Collins ("Collins Decl.")), Ex. A (2024 Form I-213). On January 31, 2024, petitioner was

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 1

encountered by an officer of the U.S. Customs and Border Protection ("CBP") in or near Lukeville, Arizona. Dkt. 8 (Arambula Decl.), ¶ 3. Petitioner was determined by the officer of the CBP to have entered without inspection and lacking valid documents to enter the United States. *See id.*; Dkt. 9 (Collins Decl.), Ex. B (2024 I-200). The next day, on February 1, 2024, petitioner was issued a Notice to Appear ("NTA"), charging him as being inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) for being a noncitizen present in the United States without being admitted or paroled. Dkt. 8 (Arambula Decl.), ¶ 4; Dkt. 9 (Collins Decl.), Ex. F (NTA). ICE, Enforcement and Removal Officers ("ERO") released petitioner from custody that same day, and placed petitioner on an OREC. Dkt. 8 (Arambula Decl.), ¶ 4; Dkt. 9 (Collins Decl.), Ex. C (2024 Notice of Custody Determination), Ex. D (Order for Release), Ex. E  (OREC).

Among other conditions, petitioner's release on the OREC required that he "not violate any local, State, or Federal laws or ordinances." Dkt. 8 (Arambula Decl., ¶ 4; Dkt. 9 (Collins Decl.), Ex. D (Order for Release); Ex. E (OREC). The respondents present one copy of the OREC which is dated February 1, 2024, and contains no signatures. Dkt. 9 (Collins Decl.), Ex. D (OREC). They present another copy of the OREC where the "cancellation of order" section is signed and dated on June 2, 2026, and the "Alien's Acknowledgment of Conditions of Release on Recognizance" contains a signature on the line provided for the petitioner and is dated February 1, 2024. Dkt. 9 (Collins Decl.), Ex. E, (OREC). The "Alien's Acknowledgment of Conditions of Release on Recognizance" states that petitioner understands the conditions of his release and understands that if he does not comply, that his release could be revoked without additional notice. *Id.*

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 2

On December 25, 2025, petitioner was arrested in Marion County Oregon, and charged with ORS 813.010 Driving Under the Influence of Intoxicants (A Misdemeanor). Dkt. 8 (Arambula Decl.), ¶ 5; Dkt. 9 (Collins Decl.), Ex. G (DUI Information). The charging document for the offense indicates that at the time of his arrest, petitioner's blood alcohol content was ".15 percent or more." Dkt. 9 (Collins Decl.), Ex. G (DUI Information). On February 24, 2026, petitioner was enrolled in a diversion program for this offense. Dkt. 9 (Collins Decl.), Ex. H (Diversion Order).

On June 2, 2026, petitioner reported to the ICE field office in Portland, Oregon for a scheduled appointment. Dkt. 9 (Collins Decl.), Ex. I (2026 I-213). Upon review of petitioner's criminal history, which included his recent arrest, ICE revoked petitioner's OREC, issued an I-200 arrest warrant for his arrest, and took petitioner into custody. Dkt. 8 (Arambula Decl.), ¶ 6; Dkt. 9 (Collins Decl.), Ex. I (2026 I-213), Ex. J (2026 I-200); Ex. K (2026 Notice of Custody Determination).

Petitioner is currently in ICE custody at NWIPC. Dkt. 8 (Arambula Decl.), ¶ 9. He appeared before an immigration judge on June 11, 2026, for an initial master calendar hearing. *Id.* ¶ 6. His next master calendar hearing was scheduled for June 30, 2026. *Id.*

## DISCUSSION

### A.   Mandatory v. Discretionary Detention

The respondents argue relief should be denied because petitioner is mandatorily detained under 8 U.S.C. § 1225. Dkt. 7 at 3-7. In determining whether petitioners who have been apprehended on arrival, released, and later apprehended again, are subject to discretionary detention under 28 U.S.C. § 1226(a) or mandatory detention under § 1225(b), the Court considers the respondent's treatment of the petitioner seeking

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 3

habeas relief as "particularly relevant." *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025). Where petitioner is "'treated by Respondents as subject to detention under § 1226, rather than mandatory detention under § 1225,' the former is more likely to apply." *Id.* (quoting *Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *8 (W.D. Wash. Aug. 19, 2025).

Persons detained under § 1225 may only be released under the agency's parole authority. 8 U.S.C. § 1182(d)(5)(A). Here, the parties agree petitioner was released on an Order of Recognizance ("OREC"). Release or "conditional parole" under an OREC is authorized under § 1226(a)(2)(B). *See* 8 U.S.C. § 1226(a)(2)(B); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226). Furthermore, the Notice to Appear ("NTA") reflects that petitioner is charged only under § 1182(a)(6)(A)(i) as "present in the United States without being admitted or paroled" which supports the conclusion that he is detained under § 1226(a). *Del Valle Castillo*, 2025 WL 3524932, at *6; *Rodriguez Vazquez*, 2025 WL 2782499, at *17.

The Court thus finds § 1226 governs petitioner's detention, and he is not subject to mandatory detention under § 1225.[1] [2]

---

[1] The respondent's brief also references *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), and *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) in support of their argument that petitioners are subject to mandatory detention under 8 U.S.C. § 1225(b). Dkt. 7 at 3-4. But other circuits have reached the opposite conclusion. *See Barbosa da Cunha v. Freden*, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250 (7th Cir. May 5, 2026); *Hernandez Alvarez v. Warden, Fed. Detention Ctr. Miami*, Nos. 25-14065, 25-14075, 2026 WL 1243395 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, Nos. 25-1965, 25-1969, 25-1978, 25-1982, 2026 WL 1283891 (6th Cir. May 11, 2026). The decisions of the Fifth and Eighth Circuits are not binding on this Court and are inconsistent with this Court's view of the statutory text and relevant Ninth Circuit and Supreme Court authority interpreting it.

[2] The Court notes that even if petitioner were subject to mandatory detention under § 1225, his re-detention must still comply with due process, as discussed below.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 4

**B.      Due Process**

Under the Due Process Clause of the Fifth Amendment, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . " This right extends to "all persons within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Here, petitioner argues his re-detention violates the Due Process Clause under the factors created by *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See generally* Dkt. 1. To assess petitioner's arguments, the Court adopts the reasoning of *E.A. T.-B.*, 795 F. Supp. 3d at 1320-24, in weighting the *Mathews* factors which include: (1) The private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews*, 424 U.S. at 335; *Rodriquez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (2022) (assuming without deciding that the *Mathews* test applies "in the immigration detention context.").

While the U.S. Constitution generally requires some kind of hearing before the State deprives a person of liberty or property, there still may be situations in which a prompt post-deprivation hearing is appropriate. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035-36 (N.D. Cal. July 17, 2025).

1)      Private Interest

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 5

Under the first *Mathews* factor, the Court determines the private interest that will be affected by the official action. Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004).

The respondents argue that they were entitled to re-detain petitioner without additional process based on his new criminal charge for driving under the influence, which violated the terms of his OREC.

"Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *see also Zadvydas*, 533 U.S. at 696 (finding that a non-citizen has a liberty interest "strong enough" to challenge "indefinite and potentially permanent" immigration detention). And "individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty." *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093, No. 2:25-cv-00647-DJC-DMC, (E.D. Cal. Mar. 3, 2025); *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("While the temporary detention of non-citizens may sometimes be justified by concerns about public safety or flight risk, the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process[.]"); *E.A. T.-B.*, 795 F. Supp. 3d at 1320–21.

The Supreme Court "usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). Yet the Court also recognized that there may be situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate. *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 6

JLT HBK, 2025 WL 2495767, at *11 (E.D. Cal. Aug. 28, 2025) (citing *Zinermon*, 494 U.S. at 128 (noting there may be "special case[s]" where a pre-deprivation hearing is impracticable); *Guillermo M. R.*, 2025 WL 1983677, at *9 ("absent evidence of urgent concerns, a *pre*-deprivation hearing is required to satisfy due process, particularly where an individual has been released on bond by an IJ").

Courts have also held that where a noncitizen is released after an evaluation of their dangerousness and flight risk, their re-arrest and re-detention generally requires a showing of a material change in circumstance. *See, e.g.*, *dos Santos v. Noem*, No. 1:25-CV-12052-JEK, 2025 WL 2370988, at *9 (D. Mass. Aug. 14, 2025) (granting habeas relief and immediate release where Government presented no evidence that "a change in circumstances" supported its decision to revoke the IJ's bond order); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017) (citing *Sugay* and noting government counsel's representation that "DHS has incorporated [*Sugay*'s] holding into its practice, requiring a showing of changed circumstances both where the prior bond determination was made by an immigration judge and where the previous release decision was made by a DHS officer"), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).

The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner," which requires an analysis of the meaningful time to hold a hearing. *Mathews*, 424 U.S 319 at 333 (quoting *Armstrong*, 380 U.S. at 552). On the facts of this case, the Court must determine whether a pre-deprivation hearing is required, or whether respondents may conduct a hearing after an individual in petitioner's situation is initially arrested and detained by ICE, and the timing

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 7

and nature of such a hearing. *See generally, Cnty. of Riverside v. McLaughlin,* 500 U.S. 44, 55-56 (1991) (under the Fourth Amendment, a person arrested without a warrant must be brought before a neutral magistrate within 48 hours of arrest (or less, if the person can prove the probable cause determination was delayed unreasonably));[3] *see also Morrissey v. Brewer*, 408 U.S. 471 (1972) (probable cause hearing required after arrest for parole violation, and revocation hearing must take place within a reasonable time); *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *12 (E.D. Cal. Aug. 28, 2025) (holding that petitioner's ATD records indicated numerous violations and ordering a post-deprivation bond hearing within 10 days of court order); *Donahue v. Rhode Island Dept. of Mental Health,* 632 F. Supp. 1456, 1463 (D. R.I. 1986) (In considering a due process challenge to Rhode Island's involuntary civil commitment statute that required a post-deprivation hearing within 10 days after a person was arrested for being an alcoholic the Court concluded that "[i]t is settled that the hearing which determines the constitutionality of the confinement need not take place before the deprivation occurs."); *Luna v. Van Zandt*, 554 F. Supp. 68, 72 (S.D. Tex. 1982) (holding due process required a probable cause hearing within seventy-two hours of deprivation).

Here, on February 1, 2024, petitioner was released on his own recognizance on an OREC. Dkt. 9 (Collins Decl.) Ex. E (OREC). His release necessarily required a

---

[3] The petitioner has not raised a Fourth Amendment issue; the Court therefore is not independently analyzing the arrest and detention under the Fourth Amendment. Yet the liberty interests of a person arrested under an immigration detainer or warrant, analyzed under the Fifth Amendment due process factors of *Matthews*, are similar to the liberty interests recognized in *Gerstein v. Pugh,* 420 U.S. 103 (1975). *See Kakkar v. Chestnut,* 1:25-CV-1627 JLT SAB, 2025 WL 3638298 (E.D. Cal. Dec. 15, 2025) (person recently released from prison would not have the same weighty significant private interest under *Mathews* as a person who had been successfully compliant with conditional release for a lengthy period before re-arrest on immigration matter).

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 8

consideration of his risk of flight and dangerousness. *See Ledesma Gonzalez v. Bostock*, 808 F.Supp.3d 1189 (W.D. Wash. Oct. 7, 2025) ("Section 1226(a) provides that immigration officers may, in their discretion, detain noncitizens *or* may release them on conditional parole (also called an Order of Release on Recognizance, or "OREC"). 8 U.S.C. § 1226(a); … The corresponding regulation requires that, before granting release, the immigration officer must determine that such "release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding. 8 C.F.R. § 236.1(c)(8)").

The record here reflects, and petitioner does not dispute, that he was arrested and charged with the offense of driving under the influence on December 25, 2025, and that he entered a diversion program. The record reflects that petitioner was re-detained at a routine check-in on June 2, 2026, based this new arrest and his OREC was revoked.

Given petitioner's prior release from February 1, 2024, to June 2, 2026, the Court finds that petitioner has been deprived of an established interest in his liberty. *See E.A. T.-B.*, 795 F. Supp. 3d at 1320–21 ("Petitioner was arrested in public, detained and transferred to a facility in a different state, and remains in custody today undoubtedly deprives him of an established interest in his liberty."). Therefore, the first *Mathews* factor weighs in petitioner's favor, but the individual interest is not as strong as it would be for an individual without any showing of material changed circumstance, in particular as may be relevant to the assessment of dangerousness or flight risk.

Here, there is an undisputed showing of changed circumstances as petitioner has been re-detained based on his arrest and charge for driving under the influence.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 9

2)    Risk of Erroneous Deprivation

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest and the probable value, if any, of additional or substitute procedural safeguards.

Here, the respondents contend that petitioner was properly re-detained based on his new arrest for driving under the influence and he is not entitled to a bond hearing or any additional process as he is mandatorily detained under § 1225(b).

As discussed above, the fact that petitioner was initially released on his own recognizance from February 1, 2024, to June 2, 2026, strengthens his liberty interest. The risk of erroneous deprivation of petitioner's liberty interest in the absence of any hearing is high. But petitioner's arrest and charge for a crime involving driving under the influence constitutes a change in material circumstance from the circumstances of petitioner's initial release and, given the nature of the crime, could reasonably be seen as presenting circumstance requiring arrest and re-detention before a hearing. Under these circumstances, the Court finds a prompt post-deprivation hearing would be consistent with due process.

3)    Government's Interest

Under the final *Mathews* factors, the Court considers the Government's interest in arresting and detaining petitioner without a hearing.

The government has an obvious interest "in protecting the public from dangerous criminal [noncitizens].'" *Rodriguez Diaz*, 53 F.4th at 1208 (quoting *Denmore v. Kim*, 538 U.S. 510, 515). Yet even when the government conducts a warrantless arrest for criminal charges, an individual is entitled to notice of the criminal charges at an initial

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 10

appearance within 48 hours of being arrested, and the government must provide a

detention or release hearing before the individual is committed for pretrial detention.

*See Cnty. of Riverside v. McLaughlin,* 500 U.S. 44, 55-56 (1991); *Gerstein v. Pugh*, 420

U.S. at 112 (a determination of probable cause must be decided by a neutral and

detached magistrate as soon as possible after a warrantless arrest); 18 U.S.C. § 3142;

*see also, Gonzalez v. United States Immigration and Customs Enforcement*, 975 F.3d

788, 823-826 (9th Cir. 2020).

"[T]he government clearly has a strong interest in preventing [noncitizens] from

'remain[ing] in the United States in violation of our law.'" *Rodriguez Diaz*, 53 F.4th at

1208 (quoting *Denmore,* 538 U.S. at 518). "The Supreme Court has instructed that in a

*Mathews* analysis, we 'must weigh heavily in the balance that control over matters of

immigration is a sovereign prerogative, largely within the control of the executive and

the legislature.'" *Id*. (quoting *Landon v. Plasencia*, 459 U.S. 21, 34 (1982)).

Providing a hearing before an immigration judge would require the government to

bear the administrative costs of due process, but those costs are minimal when weighed

against the severe deprivation of liberty at stake. The Government's interest in

bypassing basic procedural protections is low. *See Ortega v. Bonnar*, 415 F. Supp. 3d

963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [petitioner] at any

point, it has the power to take steps toward doing so; but its interest in doing so *without

a hearing* is low.") (emphasis added). Although it would require the expenditure of

resources to provide petitioner a post-deprivation hearing -- held by an immigration

judge within a reasonable time after detention -- those costs are far outweighed by the

risk of erroneous deprivation of the liberty interest at issue.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 11

Because the respondents have failed to demonstrate a substantial interest in providing little or no due process protections, the administrative burden of providing a timely post-deprivation hearing is outweighed by the serious risk of erroneous deprivation, and the petitioner has a strong interest in continued liberty after previously being released from February 1, 2024, to June 2, 2026. The third *Mathews* factor weighs in petitioner's favor of having a prompt hearing addressing the basis for his re-detention.

Based on this review of the *Mathews* factors, the Court finds a prompt post-deprivation hearing (to be held within 10 days) to be consistent with due process. The grounds for petitioner's re-detention and the material change in circumstance (petitioner's criminal charge) must be considered as well as petitioner's flight risk and risk of dangerousness generally.

**C.    The Hearing**

The Court finds that petitioner is entitled to a bond hearing with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196, 1203-08 (9th Cir. 2011), *abrogated on other grounds in Rodriguez Diaz,* 53 F.4th at 1196, 1210-1211: there must be a contemporaneous record of the hearing, and the Government bears the burden of proving by clear and convincing evidence that petitioner is a flight risk or danger to the community. *Singh*, 638 F.3d 1196.

**CONCLUSION**

The Court **GRANTS** petitioner's petition for a writ of habeas corpus **IN PART** and **ORDERS**:

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 12

1. The Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225(b).

2. The COURT GRANTS IN PART petitioner's request for habeas corpus relief. The Court DENIES petitioner's request for immediate release. The Court ORDERS the respondents to provide petitioner a hearing within 10 business days after this Order is filed in which the respondents bear the burden of proof, under *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), to justify immigration re-detention by clear and convincing evidence, and there must be a contemporaneous record made of the hearing . The respondents must provide adequate notice and due process protections similar to hearings under *Morrissey v. Brewer*, 408 U.S. 471 (1972). The hearing shall be conducted by an immigration judge to determine whether release on conditions should be granted, or whether detention is warranted. If no such hearing is held, and neither party requests an extension of time based on good cause, then the respondents must release the petitioner on the same conditions he was previously subject to for the OREC, immediately after the 10-day deadline for a hearing expires.

3. The parties are directed to file a joint status report on or before **August 1, 2026**, confirming whether petitioner received a hearing held before an IJ as ordered above, and report whether he has been released.

4. If petitioner is released, the respondents must return any personal property including personal identification documents and employment authorization documents.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 13

5.  The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition.

Dated this 10th day of July, 2026.

_____
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 14